## BEAUCHAMP, APPELLANT, v. REGISTRAR OF AGUADILLA, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

### No. 398.—Decided May 23, 1919.

RECORD OF TITLE—POWER OF ATTORNEY—CONJUGAL PARTNERSHIP.—In accordance with the settled jurisprudence of this court, a power of attorney authorizing the attorney in fact to "purchase, sell, etc., properties of any kind belonging to the principal" does not confer upon him authority to sell properties that belong to the conjugal partnership composed of the principal and her husband.

ID.—ID.—INCURABLE DEFECT.—The attorney in fact in this case having made the conveyance without authorization from his principal, as the power of attorney is construed by this court, the defect is incurable.

The facts are stated in the opinion.

*Mr. Víctor P. Martínez* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

A public instrument having been executed by Víctor P. Martínez whereby, in his own name and as attorney in fact of his wife, he sold several properties, record was sought of the property marked letter C, which, according to the acting Registrar of Property of Aguadilla, was the only property asked to be recorded, and the said registrar refused to record it because, in his opinion, the attorney in fact was authorized only to sell real property belonging separately to his principal, but not to alienate the property of the conjugal partnership of which the principal was a member.

By virtue of the appeal taken from that decision by the vendee, we have examined the power of attorney in question, the second clause of which confers upon the attorney in fact the following powers: "To purchase, sell, exchange or mortgage properties of any kind belonging to the principal, whether real, personal, etc."

This court has already held that a power of attorney given in the terms of the power under consideration does not confer upon the attorney in fact the authority to alienate or

encumber the properties of the conjugal partnership in which the principal has an interest. In the case of *Vidal* v. *The Registrar of Property,* 12 P. R. R. 163, where the power conferred authority to sell the properties belonging to the principal or such as she might afterwards acquire, it was held that the attorney in fact did not have power to sell properties belonging to the conjugal partnership composed of the principal and her husband, as it did not appear that they were the separate property of the principal. In the case of *López Landrón* v. *The Registrar of Property,* 15 P. R. R. 703, wherein Ana María Gutiérrez Igaravídez conferred power upon her husband to mortgage any real properties belonging to her, this court sustained the refusal of the registrar to record a mortgage executed by the husband in the name of his wife on certain properties of the conjugal partnership, the court then saying:

"It is a fundamental principle in the civil law, and it is perfectly expressed in section 1310 of the Civil Code, that it is only on the dissolution of the marriage bond that the wife enters into full possession of the property belonging to her which has been acquired during the marriage; and that during the marriage the property acquired during coverture, being administered as prescribed by the Civil Code, is what is known as ganancial, and belongs to the conjugal partnership and not to either of the members thereof. It is also a fundamental principle established by section 1615 of said Civil Code that an agent, in order to legally mortgage the property of the principal, must receive from the latter an express power, and it is also prescribed, by section 1328, before mentioned, that the consent of the wife to encumber the property acquired during the marriage must also be an express and not an implied consent.

"It is a conclusion founded on these clear precepts and fundamental principles that the power granted by Mrs. Ana María Gutiérrez to her husband, the appellant, does not contain the express power whereby he, as agent, might give consent on her behalf to mortgage the properties of the conjugal partnership which are encumbered by said mortgage deed because the terms of said power of attorney limit the authority of the agent to the property belonging to the grantor. And in order to include said property in said power

it would be necessary, either to suppose that the conjugal partnership has been dissolved or to admit as understood by implication the authority to give consent to the encumbrance; and such authority was not given in an express manner as plainly required by the code.

"Hence the attorney in fact lacked the authority necessary to bind his principal in giving consent to the execution of the mortgage and the same is not binding on her or her heirs and cannot be registered.

"In the administrative case of *Marxuach* v. *The Registrar of San Juan,* decided by this court on May 27 last, the *ponente,* Hon. Emilio del Toro, says:

" 'An agency philosophically considered, is a continuation of the personality of the principal. The main point of an agency is the representation shown, as the agent does not contract by or for himself, but he contracts by and for the principal. The construction to be given to an agency shall always be restrictive to avoid that what the principal authorized to be used advantageously might be turned against him.' (11 Manresa, C. al C. C., 413, 415 and 454.) "

As to whether such defect is curable, as the appellant maintains, it will suffice to say that inasmuch as the attorney made the conveyance without authority from his principal, as we construe the power of attorney, the defect is incurable.

Therefore, in accordance with the jurisprudence laid down in the cases cited, especially in the last one, the decision must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.